UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, et al., <br><br>　　Plaintiffs, <br><br>v. <br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>　　Defendants, <br><br>CHANTELLE SACKETT; MICHAEL SACKETT, <br><br>　　Defendant-Intervenors. | Case No. 20-cv-10820-DPW |

**DECLARATION OF JON DEVINE**

I, Jon Devine, declare as follows:

1. I serve as the Director of Federal Water Policy at the Natural Resources Defense Council (NRDC), one of the plaintiffs in this case. I have worked at NRDC since 2001, focusing on water issues since late 2005. Prior to working at NRDC, I served as an attorney-advisor in the U.S. Environmental Protection Agency's Office of General Counsel and also worked as an environmental specialist in Maine's Department of Environmental Protection. I have a bachelor's degree from Bowdoin College and a JD from Georgetown University Law Center.

2. My current role at NRDC focuses on implementing, defending, and strengthening the core programs under the Clean Water Act, with an emphasis on restoring federal safeguards for streams, wetlands, and other bodies of water. I have co-authored a number of articles on the Clean Water Act, including articles on the scope of the Clean Water Act. On numerous occasions, I have made public presentations discussing Clean Water Act policy, including

1

presentations on the scope of the Act. Similarly, I have provided public comment on, and testified at public hearings regarding, many Clean Water Act regulatory matters. I have commonly acted as the principal NRDC policy staff person regarding litigation under the Clean Water Act to which NRDC was a party or *amicus curiae*.

3. Over the past several years, I have reviewed and analyzed hundreds of forms documenting Clean Water Act jurisdictional determinations made by the U.S. Army Corps of Engineers. A jurisdictional determination is a Corps document stating whether a particular area contains any waters that fall within the definition of "waters of the United States" under the Clean Water Act. *See* 33 C.F.R. § 331.2. There are often multiple waters addressed in a single jurisdictional determination—the Corps may determine that all, some, or none of the features in the area qualify as "waters of the United States." *See, e.g.*, Suppl. Wu Decl. Ex. 8 (jurisdictional determination finding over a dozen wetlands in review area are not "waters of the United States"). Each jurisdictional determination form includes a summary of the reasons for the determination. *See* 33 C.F.R. § 331.2. I am familiar with the information typically included in a jurisdictional determination.

4. Plaintiffs' counsel in this case asked me to provide an estimate of the total number of wetlands and ephemeral streams that the Corps found were *not* "waters of the United States" in jurisdictional determinations issued under the Navigable Waters Protection Rule, 85 Fed. Reg. 22,250 (Apr. 21, 2020). Jurisdictional determination summary forms may not provide enough information to determine whether the ephemeral water at issue was a stream or a different type of ephemeral water. For that reason, I have analyzed the total number of ephemeral waters—which could be streams, gullies, swales, or pools—that the Corps determined were not "waters of the United States" under the Navigable Waters Protection Rule.

5.      To conduct this analysis, I visited EPA's website titled "Clean Water Act Approved Jurisdictional Determinations," which includes information on jurisdictional determinations that have been made by the Army Corps since August 28, 2015.[1] The website is available here: https://watersgeo.epa.gov/cwa/CWA-JDs/.

6.      EPA's website includes a tool to filter individual waters based on whether they *are* "waters of the United States" or are *not* "waters of the United States," according to jurisdictional determinations issued under the Clean Water Act. The tool will also filter waters based on what regulatory regime served as the basis for the determination, and it provides three options: the Clean Water Rule, the 1986/88 Regulations, and the Navigable Waters Protection Rule. Finally, the tool will filter waters by the agency (EPA or Army Corps) that issued the determination.

7.      I used this filtering tool on EPA's website to select waters that (1) are *not* "waters of the United States" according to jurisdictional determinations, and (2) the basis for that determination was the Navigable Waters Protection Rule. I did not filter based on the agency that issued the determination. I then clicked on the "Download Filtered Data" button, which downloaded the data for all waters matching the above criteria in an Excel file.

8.      The Excel spreadsheet of downloaded data lists 6,608 individual features that the Corps determined are not "waters of the United States" under the Navigable Waters Protection

---

[1] EPA's website does not include any jurisdictional determinations issued in Florida under the Navigable Waters Protection Rule. However, the Army Corps's website shows that there have been over two hundred jurisdictional determinations made by the Jacksonville Corps District (which covers Florida) under the Navigable Waters Protection Rule. *See* U.S. Army Corps of Engineers, *Jurisdictional Determinations approved by Jacksonville District*, https://www.saj.usace.army.mil/Missions/Regulatory /Jurisdictional-Determinations/ (last visited January 22, 2021). Because I only used EPA's website to conduct my analysis, I have likely underestimated the number of waters that the Corps has determined are not "waters of the United States" under the Navigable Waters Protection Rule.

Rule, and it provides certain information about the jurisdictional determination associated with each feature (such as date, Project ID number, and location).

9. The earliest "finalized date" for a jurisdictional determination listed in the spreadsheet was June 22, 2020, which was the day the Rule went into effect, and the most recent "finalized date" was February 3, 2021.

10. I used a feature in Excel to aggregate all waters in the spreadsheet by the column titled "resource type." There are separate "resource types" for each of the 12 types of "non-jurisdictional waters" listed in the Navigable Waters Protection Rule, 33 C.F.R. § 328.3(b).

11. There were 1,496 waters under the "resource type" called "(b)(3) Ephemeral feature, including an ephemeral stream, swale, gully, rill, or pool" (*see* 33 C.F.R. § 328.3(b)(3)). Therefore, the spreadsheet shows that since June 2020 the Agencies have found that at least 1,496 ephemeral waters are not "waters of the United States" under the Navigable Waters Protection Rule.

12. There were 3,087 waters under the "resource type" called "(b)(1) Non-adjacent wetland" (*see* 33 C.F.R. § 328.3(b)(1)). Therefore, the spreadsheet shows that since June 2020 the Agencies have found that at least 3,087 wetlands are not "waters of the United States" under the Navigable Waters Protection Rule.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on February 15, 2021.

_____
Jon Devine