IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>　　　　Defendants,<br><br>CHANTELL SACKETT; MICHAEL SACKETT,<br><br>　　　　Defendant-Intervenors. | Case No. 20-cv-10820-DPW |

**DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

Defendants move the Court to modify its scheduling order, ECF No. 99, and extend the deadline for Defendants' reply brief by thirty days, from May 10, 2021 to June 9, 2021. Plaintiffs oppose the relief requested in the motion. Defendants were unable to obtain the position of Defendant-Intervenors on the relief requested in this motion.

In support of their motion, Defendants state as follows:

　　1.　　Plaintiffs challenge the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "Rule"). Defendants promulgated the Rule to define the phrase "waters of the United States," which appears in Section 1362(7) of the Clean Water Act.

　　2.　　On October 15, 2020, Plaintiffs served their motion for summary judgment. ECF Nos. 30–34.

3. On December 3, 2020, Defendants filed their cross-motion and response to Plaintiffs' motion. ECF Nos. 45–46. Defendant-Intervenors filed their response. ECF No. 47. Plaintiffs' response and reply was filed on February 16, 2021. ECF No. 100.

5. On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). In conformance with the Executive Order, Defendants are reviewing many rules promulgated in the last four years, including the Rule at issue in this case.

6. Defendants' reply brief was due on April 8, 2021. With the consent of the other Parties in this matter, Defendants moved to extend the deadline for its reply brief until May 10, 2021. ECF No. 98. Defendants argued that good cause existed to modify the Court's scheduling order. Specifically, Defendants argued that they have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). Further, an agency's interpretation of a statute it administers is not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted).

6. On February 10, 2021, this Court granted Defendants' request to extend their deadline for their reply brief until May 10, 2021. ECF No. 99.

7. Defendants request a second extension of their reply brief deadline to give appropriate officials time to review the Rule.

8. While the Defendants' review of the Rule is still ongoing, there have since been additional developments that have advanced the review of the Rule. The new Administrator of the EPA, Michael Regan, was just recently sworn in on March 10, 2021. 167 Cong. Rec. S1456 (daily ed. Mar. 10, 2021). The new Administrator and his staff have since been briefed on the Rule, and the new administration is currently weighing its options regarding the Rule. The Defendants ask for a brief extension of the stay to allow time for the new Administrator to consider options and make an informed decision regarding which direction it will take with respect to the Rule. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. at 515 (holding Agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation).

8. Granting this motion will not prejudice any Party, will conserve the Parties' resources, and will promote the interest of judicial economy. Granting the proposed 30-day extension would also be in line with the new deadlines and extensions granted in other suits involving the Rule, including suits in which courts have granted Defendants' requests for additional time to review the rule.[1] Defendants seek this relief without prejudice and reserve the right to seek additional relief, including an extended abeyance, should they require additional time to determine whether the rule should be maintained, modified, or otherwise reconsidered.

9. Defendants have reached out to counsel for both Plaintiffs and Defendant-Intervenors regarding this motion. Plaintiffs oppose the motion and will file a response within

---

[1] *See, e.g.*, *State of California v. Wheeler*, No. 3:20-cv-3005, Dkt. No. 241 (granting opposed motion to stay proceedings for an additional 60 days after initial 60-day stay) (N.D. Cal. Apr. 16, 2021); *Waterkeeper All. v. Wheeler*, No. 3:18-cv-03521, Dkt. 105 (N.D. Cal. Apr. 14, 2021) (granting the Agencies' request for a 60-day extension after 60-day stay). Only one court has denied such a request. *See Pascua Yaqui Tribe v. EPA*, No. 4:20- cv-00266, Dkt. No. 32 (D. Ariz. Apr. 12, 2021). In that case, the Agencies had requested a 90-day stay, which was opposed by the plaintiffs.

seven days. Defendants were unable to obtain the position of Defendant-Intervenors regarding the motion.

For the foregoing reasons, Defendants respectfully request that the Court extend Defendants' reply deadline to June 9, 2021.

Respectfully submitted this 23d day of April, 2021.

        Respectfully submitted,

        s/ *Phillip R. Dupré*
        PHILIP R. DUPRÉ
        SARAH IZFAR
        KEVIN MCARDLE
        *Attorneys*
        Environment and Natural Resources Division
        U.S. Department of Justice
        4 Constitution Square
        150 M Street, NE
        Washington, DC 20002

        Telephone (202) 616-7501
        Facsimile (202) 514-8865
        phillip.r.dupre@usdoj.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Phillip R. Dupré*
