UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>          Defendants,<br><br>CHANTELLE SACKETT; MICHAEL SACKETT,<br><br>          Defendant-Intervenors. | Case No. 20-cv-10820-DPW |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR REMAND WITHOUT VACATUR**

Defendants U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (the Agencies) ask this Court to remand the Navigable Waters Protection Rule (the Rule) without vacatur. Plaintiffs do not oppose remand, but if the Court grants the Agencies' remand request, it should also vacate the Rule. Absent vacatur, a remand will severely prejudice Plaintiffs by allowing an illegal rule to remain in place indefinitely, harming them indefinitely, while depriving them of an avenue for redress in court.

**ARGUMENT**

In determining whether to vacate an agency rule, courts consider (1) the severity of the agency's errors and whether such errors could be corrected on remand without altering the rule, and (2) the balance of equities and the public interest. *See Cent. Me. Power Co. v. FERC*, 252 F.3d 34, 48 (1st Cir. 2001); *see also Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993) (factors to consider are the "seriousness" of the deficiencies and

the "disruptive consequences" of vacatur). Courts apply the same approach in deciding whether to vacate a voluntarily remanded rule. *See ASSE Int'l, Inc. v. Kerry*, 182 F. Supp. 3d 1059, 1064 (C.D. Cal. 2016) ("Courts faced with a motion for voluntary remand employ the same equitable analysis courts use to decide whether to vacate agency action after a ruling on the merits." (alterations and quotations omitted)); *see also Ctr. for Native Ecosystems v. Salazar*, 795 F. Supp. 2d 1236, 1242-43 (D. Colo. 2011) (applying general vacatur standard in deciding to vacate a voluntarily remanded action); Order, *Farmworker Ass'n of Fla. v. EPA*, No. 21-1079 (D.C. Cir. June 7, 2021) (same) (attached as an exhibit to this filing).

Each factor in the analysis favors vacatur here. First, the Rule is illegal under the Administrative Procedure Act (APA), *see generally* Pls.' Mem. Supp. Summ. J., ECF No. 31; Pls.' Reply Supp. Summ. J., ECF No. 100, and because the legal errors so pervade the Rule's provisions, there is no realistic possibility that the flaws can be corrected without altering the Rule. Critically, the Agencies failed to consider *the* most important issue when crafting the Rule: its effects on water quality across the country. *See* Pls.' Mem. Supp. Summ. J. 23-25; Pls.' Reply Supp. Summ. J. 2-6. Because the Rule defines the scope of the Clean Water Act, and the Act's sole objective is to preserve the "integrity of the Nation's waters," *see* 33 U.S.C. § 1251(a), failing to consider the effects on the nation's waters was arbitrary. *See Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983) (action is arbitrary if agency fails to consider "an important aspect of the problem"); *Gresham v. Azar*, 950 F.3d 93, 102 (D.C. Cir. 2020) (objective of relevant statute is an important factor agency is required to consider). The Agencies recognize this significant problem, expressing concern that they "did not appropriately consider the effect" the Rule would have on "the integrity of the nation's waters." Declaration of Radhika Fox (Fox Decl.) ¶ 10, ECF No. 113-1; *see also id.* ¶¶ 12, 13; Declaration of Jaime A.

2

Pinkham (Pinkham Decl.) ¶ 10, ECF No. 113-2. And the Court need not undertake a searching review of the record, or decide the parties' summary judgment motions, in order to perceive this serious legal error. The Agencies explicitly did not consider the documents in the record that addressed water quality effects. *See* Fox Decl. ¶ 12 ("[T]he agencies explicitly and definitively stated in numerous places in the [Rule's] administrative record that they did not rely on agency documents in the record that provided some limited assessment of the effects of the rule on water quality . . . ."); Pls.' Mem. Supp. Summ. J. 24; Pls.' Reply Supp. Summ. J. 2-3 (quoting the Rule's preamble, which said that the Rule is not based on information in documents that purported to analyze effects on water quality).

At a minimum, therefore, the Rule suffers from serious errors because it was promulgated in disregard of the Act's objective. This favors vacatur. *See Bldg. Indus. Legal Def. Found. v. Norton*, 231 F. Supp. 2d 100, 104-05 (D.D.C. 2002) (finding vacatur appropriate even in the absence of a motion for summary judgment or a record, based on arbitrary nature of the analyses used to promulgate rules); *Ctr. for Native Ecosystems*, 795 F. Supp. 2d at 1242-43 (finding vacatur of agency action warranted even in the absence of a full merits decision, where agency action "suffered from significant deficiencies"); *cf. Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 30-33 (D.D.C. 2013) (declining to enter consent decree vacating agency action where court was *not* "reasonably confident" of a "sound legal basis for vacatur," but noting that a "fuller explanation" from the agency regarding the basis for vacatur, even without an "admission" that the law was violated, might have led to a different conclusion).[1]

---

[1] Although the First Circuit "has yet to address whether it is within a district court's jurisdiction to vacate an agency's decision without first deciding the merits," *Maine v. Wheeler*, No. 14-cv-00264, 2018 WL 6304402, at *3 (D. Me. Dec. 3, 2018), Plaintiffs do not ask this Court to vacate in disregard of the Rule's merits. The Court should find that the Rule is arbitrary,

Finally, the balance of equities and public interest heavily favor vacatur. On the one hand, the Agencies have not given any "indication that [they] . . . or anyone else would be seriously harmed or disrupted" if the Rule were vacated. *See ASSE Int'l*, 182 F. Supp. 3d at 1065. Vacatur is a "less drastic remedy" than an injunction. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010). It is also less complicated because it would simply reinstate the status quo—*i.e.*, the regulation defining "waters of the United States" that predated the Rule's effective date. *See Action on Smoking & Health v. Civ. Aeronautics Bd.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (vacatur means, among other things, "to cancel or rescind" and "to make of no authority or validity" and "ha[s] the effect of reinstating the rules previously in force" (citation and quotations omitted)). A "return to the status quo causes little or no disruption." *Burke v. Coggins*, --- F. Supp. 3d ---, 2021 WL 638796, at *10 (D.D.C. Feb. 18, 2021). The regulatory regime that predated the Rule has applied for most of the past three decades. The Sixth Circuit has described it as "familiar, if imperfect." *In re EPA*, 803 F.3d 804, 808 (6th Cir. 2015), *vacated sub nom. In re U.S. Dep't of Def.*, 713 F. App'x 489 (6th Cir. 2018). And because the Agencies expressly intend to revise the Rule on remand in light of their "substantial concerns" about its lawfulness and harmful effects, Fox Decl. ¶ 8, there is no reason to think they will retain the Rule, or something similar, on remand. *Cf. Ashe*, 946 F. Supp. 2d at 46 (where agency represented that the revised rule would *not* be materially different from the current rule, vacatur "may well be disruptive"). As a result, it will not be disruptive to vacate the Rule now.

On the other hand, remand without vacatur would be contrary to the public interest and inequitable. It would cause irreversible harm to the environment, including to waterways used by

---

and therefore illegal under the APA, at a minimum because the Agencies failed to consider water quality effects in promulgating it, as described above.

Plaintiffs' members. *See Nat'l Family Farm Coal. v. EPA*, 960 F.3d 1120, 1144-45 (9th Cir. 2020) (considering whether leaving the decision in place "would risk environmental harm"); *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (declining remand that would prejudice vindication of environmental petitioners' claim); *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 99 (D.D.C. 2019) (declining to grant remand where doing so would "unduly prejudice the Environmental Intervenors' interests"). The Rule removes Clean Water Act protections from a huge proportion of the country's wetlands and streams, s*ee* Fox Decl. ¶ 15 (identifying a "substantial reduction" in waters covered under the Rule), allowing these waters to be polluted and destroyed without federal safeguards. Plaintiffs have also identified waters on which their members rely that are now threatened by the Rule, such as wetlands near a National Wildlife Refuge that a mining company may destroy without the safeguards afforded by a Clean Water Act permit. *See* Pls.' Mem. Supp. Summ. J. 38-43; Pls.' Reply Supp. Summ. J. 39. The Rule, if left in place on remand, could have "cascading and cumulative downstream effects . . . including but not limited to effects on water supplies, water quality, flooding, drought, erosion, and habitat integrity." Fox Decl. ¶ 20.

Such pollution and destruction cannot be undone. And vacatur is especially needed here because the Agencies have proposed no timeline for addressing the Rule's flaws on remand. *Cf. Util. Solid Waste Activities Grp.*, 901 F.3d at 437 ("First and foremost, the EPA has explained that it plans to reconsider these provisions *and has submitted a proposed timeline to the court*, thereby satisfying the requirement for remand that it 'take further action with respect to the original agency decision on review.'" (emphasis added) (citation omitted)). Remanding without vacatur would allow an illegal, harmful rule to remain in place indefinitely—while cutting off Plaintiffs' avenue for relief in this Court. *See Chlorine Chemistry Council v. EPA*, 206 F.3d

1286, 1288 (D.C. Cir. 2000) (noting that court had previously denied a motion for voluntary remand where agency had "made no offer to vacate the rule" and so "would have left petitioners subject to a rule they claimed was invalid"); *see also* Order, *Farmworker Ass'n of Fla.*, No. 21-1079 (attached) (granting vacatur where "EPA has admitted that it will not provide the timely reconsideration that is the central rationale for remand without vacatur"); *NRDC v. EPA*, 489 F.3d 1250, 1264 (D.C. Cir. 2007) (Randolph, J., concurring) ("an open-ended remand without vacating" does not give the agency an incentive to act within a reasonable time). In fact, EPA has indicated that the Agencies do not even intend to issue a *proposed* rule within the next year.[2] And a proposed rule is merely the first step in the revision process; after the proposal, the Agencies need to accept public comment, review those comments, and then issue a final rule. Vacatur is therefore warranted so that Plaintiffs do not suffer the effects of an illegal rule while waiting for the Agencies to complete indefinite remand proceedings.

## CONCLUSION

An open-ended remand of this illegal Rule, without vacatur, would prejudice Plaintiffs and cause irreversible environmental damage. Plaintiffs do not oppose remand, but respectfully request that if the Court grants the Agencies' remand request, it also vacate the Rule.

---

[2] *See* Office of Info. & Regul. Affairs, *Agency Rule List – Spring 2021: Environmental Protection Agency*, https://www.reginfo.gov/public/do/eAgendaMain?operation=OPERATION_GET_AGENCY_RULE_LIST&currentPubId=202104&showStage=longterm&agencyCd=2000&csrf_token=A78CC39C90FC062F229EF77DD493770D5D5AAC9D49FF76BBD48212C1E4494716372688730D47A34A2BDEBF2502D92B3AC261 (last visited June 23, 2021) (listing "Revised Definition of 'Waters of the United States'" as one of EPA's "Long-Term Actions"); Office of Info. & Regul. Affairs, *Spring 2021 Unified Agenda of Federal Regulatory and Deregulatory Actions*, https://www.reginfo.gov/public/do/eAgendaHistory?operation=OPERATION_GET_PUBLICATION&showStage=longterm&currentPubId=202104 (last visited June 23, 2021) (stating that "Long-Term Actions" are those "for which the agency does not expect to have a regulatory action within the 12 months after publication of this edition of the Unified Agenda").

Dated: June 23, 2021                    Respectfully submitted,

*/s/ Jolie McLaughlin*
Jolie McLaughlin, *pro hac vice*
Natural Resources Defense Council
20 N. Wacker Drive, Suite 1600
Chicago, IL 60606
Phone: (312) 995-5902
Email: jdmclaughlin@nrdc.org

Catherine Marlantes Rahm, *pro hac vice*
Michelle Wu, *pro hac vice*
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
Phone: (212) 727-4414
Email: crahm@nrdc.org

*Counsel for Plaintiffs Clean Wisconsin, Natural Resources Defense Council, New Mexico Wilderness Alliance, and Prairie Rivers Network*

*/s/ Heather A. Govern*
Heather A. Govern, Bar No. 688482
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
Phone: (617) 850-1765
Email: hgovern@clf.org

Elena Mihaly, Bar No. 687387
Conservation Law Foundation
15 East State Street, Suite 4
Montpelier, VT 05602
Phone: (802) 622-3012
Email: emihaly@clf.org

*Counsel for All Plaintiffs*

# Exhibit

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-1079**  **September Term, 2020**

**EPA-Reg. No. 87895-2**

**Filed On: June 7, 2021**

Farmworker Association of Florida, et al.,

      Petitioners

   v.

Environmental Protection Agency,

      Respondent

------------------------------

AgLogic Chemical, LLC,
      Intervenor

      **BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

## O R D E R

      Upon consideration of the motion for summary vacatur or to stay pending expedited review, the responses thereto, and the replies; the motion for remand without vacatur, the response thereto, the reply, the motion for leave to file a surreply, and the lodged surreply; the Rule 28(j) letters, the responses thereto, the notice dated May 17, 2021, and the response thereto; the motion to extend time, the response thereto, and the reply; and the motions to participate as amicus curiae, it is

      **ORDERED** that the motion for leave to file a surreply be granted.  The Clerk is directed to file the lodged surreply.  It is

      **FURTHER ORDERED** that the motion for summary vacatur be granted and the motion for remand without vacatur be denied.  The Environmental Protection Agency acknowledges it did not make an Endangered Species Act (ESA) effects determination prior to approving aldicarb for use on oranges and grapefruit in Florida and has, therefore, violated section 7(a)(2) of the ESA.  16 U.S.C. § 1536(a)(2); see Center for Biological Diversity v. EPA, 861 F.3d 174, 188 (D.C. Cir. 2017).  EPA has been explicit that it will not provide any reconsideration on remand before 2024 at the earliest – long after the registration at issue has expired.  So EPA has admitted that it will not provide the timely reconsideration that is the central rationale for remand without vacatur.  Cf. Limnia, Inc. v.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-1079**                                                            **September Term, 2020**

Dept. of Energy, 857 F.3d 379, 386 (D.C. Cir. 2017) ("In general, a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the original agency decision on review."). Vacatur is further warranted in light of the seriousness of the admitted error and the error's direct impact on the merits of the EPA's registration decision given the agency's finding as to the acute toxicity of aldicarb. See Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150-51 (D.C. Cir. 1993). In addition, vacatur would not result in material disruption because aldicarb has not been authorized for use on oranges and grapefruit in Florida for nearly a decade, and because at present the Florida Department of Agriculture and Consumer Services has denied intervenor's application for state registration for the use of aldicarb on oranges and grapefruit. See FDACS Notice of Denial (Apr. 21, 2021), petition for administrative hearing filed May 11, 2021.

      **FURTHER ORDERED** that the motion to extend time to file the certified index be dismissed as moot.

      **FURTHER ORDERED** that the motions for leave to participate as amicus curiae be denied. Neither the Federal Rules of Appellate Procedure nor the Circuit Rules provide for the participation of amici at the motions stage of a case. See Fed. R. App. P. 29.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

                                                            **FOR THE COURT:**
                                                            Mark J. Langer, Clerk

                          BY:     /s/
                                         Manuel J. Castro
                                         Deputy Clerk

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2021, I caused the foregoing **PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR REMAND WITHOUT VACATUR** to be filed and served upon counsel of record via the Court's CM/ECF filing system.

Dated:  June 23, 2021                              */s/ Jolie McLaughlin*