**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, *et al*., )<br>)<br>Plaintiffs,     )<br>)<br>v.     )<br>)<br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.,* )<br>)<br>Defendants,     )<br>)<br>CHANTELL SACKETT; MICHAEL SACKETT,     )<br>)<br>Defendant-Intervenors.     ) | Case No. 20-cv-10820-DPW |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR REMAND WITHOUT
VACATUR (LEAVE TO FILE GRANTED ON JUNE 30, 2021)**

Defendants United States Environmental Protection Agency and the United States Army Corps of Engineers, *et al*. (the "Agencies") submit this reply brief in support of their motion to remand the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "NWPR") to the Agencies and to dismiss this action.  *See* Defs.' Mot. for Remand, ECF No. 112, Defs.' Memo of Law ("Remand Br."), ECF No. 113.

The Court should grant the Agencies' motion for remand to complete a new rulemaking and decline both the Plaintiffs' and the Sacketts' requests for further consideration of the merits. Plaintiffs do not oppose remand but request that the Court also vacate the NWPR, which they acknowledge would require some consideration of the merits.  Pls.' Resp. in Partial Opp'n ("Pls.' Resp.") 3–4, n.1, ECF No. 115.  The Sacketts also seek further adjudication of the merits on a discrete component of the NWPR—the "adjacent wetlands" provision.  Def.-Intervenors Sacketts' Opp'n to Fed. Defs.' Mot. for Remand 1 ("Sacketts' Resp."), ECF No. 116.  Neither

parties' proposal is warranted.  The Agencies are commencing a new notice-and-comment rulemaking that will allow the parties' concerns to be addressed in a thorough and transparent manner that will be informed by input from all interested stakeholders.  On remand, the parties are free to press forward with their arguments during the notice-and-comment period for the new rulemaking and are likewise free to challenge the new rule once it has been issued.

Conversely, further consideration of the merits in this case would potentially waste the Court's and the parties' resources, debating the substance of a rule that is subject to significant change.  In addition, further merits proceedings could potentially risk asking the Agencies to opine about issues that currently are the subject of a new rulemaking.  The Agencies' requested remand without vacatur is appropriate because it enables the Agencies to complete their rulemaking on a new definition of "waters of the United States" *before* judicial review on the merits.  From a practical standpoint, remand would conserve the parties' limited resources and would best serve the interest of judicial economy because the Agencies' new final rule may resolve or moot some or all of the claims presented in this litigation.

Separately, the Sacketts' proposal to continue adjudication rests on shaky legal grounds. The Sacketts chose to intervene as defendants, not plaintiffs, and therefore lack standing to raise independent challenges to the NWPR, including as to the manner in which the rule addressed adjacent wetlands.

## ARGUMENT

As addressed in Defendants' motion for remand, remand without vacatur is proper because the Agencies have completed their review of the NWPR and have decided to initiate a new rulemaking to revise the definition of "waters of the United States."  Remand Br., Ex. 1, Fox Decl. ¶¶ 8–10 (ECF No. 113-1); Ex. 2, Pinkham Decl. ¶¶ 8–10 (ECF No. 113-2).  Neither the

Sacketts nor the Plaintiffs allege bad faith here.  Therefore, where, as here, the opposing parties have made no showing of bad faith, the Court should defer to this administrative process. Remand Br. 6 (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001)). And, to the extent that the "vacatur" Plaintiffs seek would preclude application of the NWPR to persons not before this court, it is inconsistent with the principle that "[r]emedies . . . ordinarily 'operate with respect to specific parties.'" *California v. Texas*, No. 19-1019, 2021 WL 2459255, at *6 (U.S. June 17, 2021) (citation omitted).

The Agencies have presented a classic case for remand without vacatur.  The administrative rulemaking process, not judicial review, is the preferred course for the Agencies to address their perceived flaws with the NWPR.  Courts "have recognized that '[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts.'" *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quoting *Commonwealth of Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)).  "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)).  Here, the Agencies seek remand because they intend to redefine "waters of the United States."  To that end, the Agencies are commencing a new rulemaking, which will allow them to address the alleged legal and policy flaws in the NWPR in a comprehensive and transparent manner, with full participation by interested members of the public.

The Agencies in no way diminish Plaintiffs' concerns, both as to the merits of the NWPR itself and as to the resulting environmental harm.  Indeed, the Agencies have candidly

acknowledged that they share many of Plaintiffs' concerns.  *See, e.g.*, Fox. Decl. ¶¶ 10–20; Pinkham Decl. ¶¶ 10–20.  Yet, Plaintiffs' proposal for vacatur, Pls.' Resp. 2–3, asks the Court to decide issues that are better resolved by the Agencies in the first instance, and risks asking the Agencies to opine about issues that presently are under reconsideration.  Granting remand and dismissal has the added benefit of conserving both the parties' and the Court's resources by resolving the current litigation and by potentially resolving the Plaintiffs' concerns thereby preventing additional litigation.  Remand Br. 9–10.  Continuing with merits proceedings, either through full merits adjudication, as the Sacketts request, or a vacatur order, as the Plaintiffs request, would interfere with the Agencies' new rulemaking.  The Agencies are undisputedly entitled to commence a new rulemaking to define "waters of the United States," and the Court should defer to this process.  *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) ("Agencies are free to change their existing policies as long as they provide a reasoned explanation for the change.").

The Court should likewise reject the Sacketts' proposal to adjudicate one component of the NWPR in piecemeal fashion.  As an initial matter, as Defendant-Intervenors, the Sacketts lack standing to assert independent claims against the NWPR.  The Sacketts' standing claim rests on injuries that "would be redressed through a judgment in favor of Defendants, which would permit the regulatory relief afforded the Sacketts by the Rule to remain in effect."  Sacketts' Opp'n to Pls.' Mot. Summ. J. 20, ECF No. 47.  While Plaintiffs' request for vacatur, if granted, may (in theory) injure the Sacketts, Defendants' motion for remand without vacatur would not.  Moreover, any suspected injury from a new rule, which has not been issued, is speculative and does not provide grounds to continue *this* litigation.

The Sacketts claim that the exclusion of non-abutting wetlands presents a clear-cut legal inquiry that should be adjudicated now.  Sacketts' Resp. 2.[1]  Regardless of whether the Court faces a step one or a step two inquiry under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), it is undisputed that the Court has discretion to grant remand. Under a step one inquiry, this Court enjoys "considerable discretion" to either "decide the statutory issue" or "order a remand."  *SKF USA*, 254 F.3d at 1029.  Further, "[w]here there is no step one *Chevron* issue . . . remand to the agency is required, absent the most unusual circumstances verging on bad faith."  *Id*. at 1029–30.  In other words, under either scenario, the Court may grant remand.

Remand would not prejudice the parties, who are able to participate in the notice-and-comment opportunities provided by the new rulemaking.  Remand Br. 11.  Nor would remand serve to deny the parties judicial review, as the Sacketts assert, as they are free to challenge the new rule once it has been issued.  Sacketts' Resp. 8–9.  In sum, because the Agencies are commencing a new rulemaking to address their concerns with the NWPR, the Court should grant the Agencies' motion for voluntary remand instead of continuing to litigate the merits of the NWPR, a rule that likely will be replaced in the future.

## CONCLUSION

For the foregoing reasons, and for the reasons identified in Defendants' motion for remand and accompanying memorandum of law, the Agencies respectfully ask the Court to

---

[1] During this proceeding, Defendants have not directly addressed the Sacketts' claims as the Sacketts' opposition to Plaintiffs' motion for summary judgment, ECF No. 47, was filed after Defendants' cross-motion for summary judgment, ECF Nos. 45–46.

remand the NWPR, without vacatur, and to dismiss this case rather than requiring the Agencies

to litigate a rule that may be substantially revised or replaced.

       Respectfully submitted this 30th day of June, 2021,

/s/ *Sarah Izfar*
JEAN E. WILLIAMS
*Acting Assistant Attorney General*
PHILIP R. DUPRÉ
SARAH IZFAR
KEVIN MCARDLE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20002

Telephone (202) 305-0490
Facsimile (202) 514-8865
sarah.izfar@usdoj.gov

*Counsel for Defendants*

Of Counsel:

JAMES O. PAYNE
Deputy General Counsel
Environmental Protection Agency

ELISE M. O'DEA
Attorney-Advisor
Environmental Protection Agency

CRAIG R. SCHMAUDER
Senior Officer Performing Duties of General
Counsel
Department of Army

DAVID R. COOPER
Chief Counsel
U.S. Army Corps of Engineers
*Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

_/s/ Sarah Izfar_